**David LEWIS, Appellant,**

v.

**IOWA DEPARTMENT OF HUMAN SERVICES, Appellee.**

No. 93–454.

Court of Appeals of Iowa.

Aug. 4, 1994.

Luke Cosgrove of Legal Services Corp., Council Bluffs, for appellant.

Bonnie J. Campbell, Atty. Gen., John M. Parmeter, Sp. Asst. Atty. Gen., and Barbara E.B. Galloway, Asst. Atty. Gen., for appellee.

Considered by HAYDEN, P.J., and SACKETT and CADY, JJ.

HAYDEN, Presiding Judge.

The appellant, David Lewis, applied for Aid to Families with Dependent Children (AFDC) in September 1989. The Iowa Department of Human Services (DHS) denied Lewis's application. DHS did so on the basis Lewis failed to cooperate in providing the

fair market value of his one-half interest in a house and in farmland. Lewis appealed.

Three administrative evidentiary hearings before an administrative law judge (ALJ) followed. The director of DHS reviewed the proposed decision of the ALJ each time. The final decision of the ALJ and the director of DHS was to affirm the denial of AFDC benefits to Lewis because the value of his interest in the farmland exceeded the $1000 AFDC resource limitation.

On May 5, 1992, Lewis filed a petition for judicial review of the final DHS decision denying him AFDC benefits. On February 15, 1993, the district court affirmed the DHS decision.

Lewis now appeals. He first argues the value of the farmland is not an available resource for him and should not be counted toward the AFDC limitations. He states his brother farms the land and is unwilling to sell his one-half interest in it. Lewis believes his interest in the farmland is not marketable. He asserts federal and state regulations all make reference to availability of a resource in terms of a liquidated sum and he would have a difficult time producing such a sum.

Lewis further argues the value of his interest in the farmland is not above the program limits for AFDC purposes. He claims the value of his property is minimal, since no one can produce a figure which is accurate. Lewis finally requests court costs be assessed against DHS.

The State argues there is substantial evidence in the record to support DHS's finding Lewis's interest exceeds $1000. The State also argues Lewis is only interested in obtaining AFDC benefits without having to dispose of his property interest.

Lewis's action was properly brought under the provisions of Iowa Code section 17A.19 (1993). The Iowa Administrative Procedure Act is the exclusive means for seeking judicial review of agency action. *Id.* Our scope of review in cases arising out of the Iowa Administrative Procedure Act is to correct errors of law made by the district court. *Foods, Inc. v. Iowa Civil Rights Comm'n*, 318 N.W.2d 162, 164–65 (Iowa 1982)

(citation omitted). Thus, when we review decisions of the district court which were rendered in its capacity as an appellate body under section 17A.19, the issue for our determination is whether the district court correctly applied the law. *Id.* at 165 (citations omitted). Because there is substantial evidence supporting the denial of AFDC benefits, we affirm the judgment of the district court.

The AFDC program was established by Title IV–A of the federal Social Security Act. 42 U.S.C.A. §§ 601–687 (1991). It is a program of assistance to needy children and their parents, which is jointly funded by the federal government and participating states.

Federal law imposes financial conditions on AFDC eligibility. The financial conditions include "resource" limitations. A resource can be either real or personal property. *See, e.g.,* 45 C.F.R. § 233.20(a)(3)(i) (1993). According to federal law, an AFDC recipient's resources cannot exceed an equity value of $1000. 42 U.S.C.A. § 602(a)(7)(B) (1991).

Lewis argues the 160 acres in question is not a resource available to him because the farmland is owned jointly between Lewis and his brother, and his brother is unwilling to sell the land. However, even assuming his brother is unwilling to sell, Iowa law places no impediment upon Lewis's alienation of his interest. The interest of a tenant in common may be transferred, devised, or encumbered without the consent of the remaining cotenant. *In re Estate of Rogers*, 473 N.W.2d 36, 40 (Iowa 1991) (citation omitted). Lewis's interest in the 160 acres is an includable resource.

Because Lewis's interest in the 160 acres is an includable resource, the question then becomes whether Lewis's interest has a value in excess of $1000. There is substantial evidence in the record to support DHS's finding the value of Lewis's interest exceeds $1000. Lewis claims his interest cannot be above AFDC limits because DHS did not affix a precise value to the land. However, the issue is not the land's precise worth, but rather whether it is worth more than $1000.

The record contains substantial evidence the farmland is worth more than $1000. A realtor appraised the property at a value of $400 per acre. The county DHS office applied the $400 value to 80 acres (160 acres as if partitioned) to arrive at a value of $30,200, after deducting an unpaid mortgage. There was evidence the land produces $1200 in income annually. The director of DHS reasonably considered land which produces $1200 of income per year must have a value in excess of $1000.

There is substantial evidence supporting the denial of AFDC benefits. Judgment of the district court is affirmed, with costs to be assessed against Lewis.

**AFFIRMED.**